PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KELLY LEIBY, | ) |
| | ) CASE NO. 5:16CV1285 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Defendant. | ) **ORDER** |

An Administrative Law Judge ("ALJ") denied Plaintiff Kelly Leiby's claim for Disability Insurance Benefits ("DIB") benefits after a hearing. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. Plaintiff sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Kathleen B. Burke for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a report (ECF No. 16) recommending that the decision of the Commissioner be affirmed. Plaintiff filed Objections to the Report and Recommendation. ECF No. 17. Defendant responded. ECF No. 18. For the reasons that follow, the Court overrules Plaintiff's Objection and adopts the magistrate judge's Report and Recommendation.

**I.**

(5:16CV1285)

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of the portions of the Report and Recommendation to which an appropriate objection has been made. 28 U.S.C. § 636(b). Objections must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Commr of Soc. Sec.*, 74 F. App'x 515, 522–23 (6th Cir. 2003). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision[-

2

(5:16CV1285)

]makers can decide either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

To establish disability under the Social Security Act, a claimant must show that he is unable to engage in substantial activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The claimant's impairment must prevent him from doing his previous work, as well as any other work existing in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A).

In order for the Commissioner to find that a claimant suffers from a disability for which he should receive benefits, the claimant must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727,

3

(5:16CV1285)

730 (6th Cir. 2007). Under 42 U.S.C. § 1381, disabled individuals who meet certain income and resources requirements are entitled to SSI benefits. 20 C.F.R. §§ 416.1100 and 416.1201.

## II.

Plaintiff raises two (2) objections to the magistrate judge's Report. The objections largely repeat the arguments made in Plaintiff's brief on the merits. *Compare* Plaintiff's Brief on the Merits, ECF No. 12 at PageID #: 998-1002 *with* Plaintiff's Objections to Report and Recommendation of the Magistrate Judge, ECF No. 17. First, Plaintiff objects to the magistrate judge's finding that the ALJ did not err in assigning "other weight" to the March 9, 2013, medical opinion of Plaintiff's treating physician Dr. Miller. *See* ECF No. 17 at PageID #: 1058-61; ECF No. 16 at PageID #: 1050-54. Second, Plaintiff objects to the magistrate judge's recommendation that the Court find that the ALJ did not error by not discussing, in her decision, the August 4, 2014, statements/opinions of Plaintiff's treating physician Dr. Donich. *See* ECF No. 17 at PageID #: 1062; ECF No. 16 at PageID #: 1054-56. Defendant opposes the objections on grounds that Plaintiff has failed to raise any issues in her objections that were not adequately addressed by the Commissioner. ECF No. 18. Defendant also avers that the ALJ's decision was supported by substantial evidence and should be affirmed, even if substantial evidence would support another finding. *Id.* The Court reviews Plaintiff's objections *de novo*.

**A. Dr. Miller's Opinion**

The magistrate judge recommends that "the Court find no error with respect to the ALJ's treatment of Dr. Miller's March 19, 2013, opinion [("Dr. Miller's Opinion")]" on grounds that, among other things: (1) evidence obtained after a claimant's date last insured ("DLI") has limited

4

(5:16CV1285)

probative value; (2) the ALJ considered Dr. Miller's Opinion and assigned weight to that opinion; (3) the ALJ explained her consideration of Dr. Miller's Opinion as to whether Plaintiff is disabled and Plaintiff's RFC and found that those were issues reserved to the Commissioner; and, (4) Plaintiff has not demonstrated that the ALJ's decision is not supported by substantial evidence. ECF No. 16 at PageID 1053-54. Moreover, the magistrate judge found that the ALJ's explanation of her consideration of Dr. Miller's opinion was sufficiently clear to allow for review by the Court. *Id.* at PageID #: 1054.

Plaintiff raises two (2) arguments in her first objection to the magistrate judge's recommendation. The Court addresses both arguments below.

### 1. Plaintiff's First Argument

First, Plaintiff contends that the magistrate judge and the ALJ erred in rejecting and assigning "other weight" to Dr. Miller's Opinion because the judges failed to "recognize a legitimate retroactive medical opinion which was rendered after the [DLI]" and "analyze that evidence and how it related back to the condition that existed before the DLI[.]" ECF No. 17 at PageID #: 1058-59. Plaintiff avers that the ALJ's sole basis for assigning "other weight" to the medical opinion of Plaintiff's treating physician was that the opinion was rendered a year after the DLI. *Id.* at 1059. Plaintiff argues that this is contrary to legal authority which allows for the consideration of relevant medical evidence that "relates back" to a claimant's limitations prior to the DLI if the medical evidence: (1) is of a claimant's limitations, and not impairments or condition, prior to the DLI; and, (2) illuminates the claimant's condition prior to the DLI. *Id.* at PageID #: 1059-60 (citing cases).

5

(5:16CV1285)

Plaintiff's first argument is unavailing. As the Court explained in *Walton v. Astrue*, 773 F. Supp. 2d 742 (N.D. Ohio 2011) (Pearson, J.):

> In assessing the medical evidence provided in support of a claim for disability benefits, there are certain governing standards or rules that an ALJ must follow. Among these is the treating physician rule which requires the ALJ to give a treating source opinion "controlling weight" if the treating source opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2). An ALJ's decision to grant a treating physician's medical opinion less than controlling weight must be accompanied by "good reasons" that are both: (1) supported by the evidence in the case record, and (2) sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. SSR 96-2p[, 1996 WL 374188, at *5 (July 2, 1996)]. The ALJ's failure to follow the procedural requirement "of identifying the reasons for discounting the opinion and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007).

*Walton*, 773 F. Supp. 2d at 748.

The Sixth Circuit has also explained:

> If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship . . . as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, *id.* § 404.1527(c)(2)-(6). . . . This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

(5:16CV1285)

*Gayheart v, Comm'r Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). *See also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747 (6th Cir. 2007) (for additional discussion of the factors the ALJ must consider under 20 C.F.R. § 404.1527(c)). The Sixth Circuit has further instructed that: "[a]lthough the regulations instruct an ALJ to consider these factors, they expressly require only that the ALJ's decision include 'good reasons ... for the weight ... given to the treating source's opinion'—not an exhaustive factor-by-factor analysis." *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 804 (6th Cir. 2011).

    In this case, the ALJ's decision explained:

> The undersigned would note that on March 19, 2013, Dr. Miller opined that [Plaintiff] was a "candidate for disability", and "I do not believe that with her condition, that she would be in the workforce category that would require anything other than sedentary activities, and even then, she would have a hard time finding a sitting job as she is not able to perform a lot of sitting on a prolonged basis" (15F/34). The undersigned interprets this to mean that Dr. Miller believes that [Plaintiff] could not perform a range of sedentary work. This opinion was given one year after [Plaintiff's] date last insured. However, given the degenerative nature of [Plaintiff's] disc disease, it is presumed that he believed [Plaintiff] had at least this level of functioning, if not less, prior to her fusion surgery. Consequently, the undersigned gives other weight to the opinion of Dr. Miller, since it was given outside of the relevant period and is tantamount to a disability opinion, a matter reserved to the Commissioner for determination.

ECF No. 11 at PageID #: 90.

Plaintiff's first argument focuses solely on the ALJ's statement regarding the elapse of time between Plaintiff's DLI and Dr. Miller's Opinion, about one year. The Court has previously recognized the Sixth Circuit's jurisprudence in this area, which is clear. "Evidence of disability

7

(5:16CV1285)

obtained after the expiration of insured status is generally of little probative value." *See Walton, 773 F. Supp. 2d at 750* (quoting *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004)). The Court explained further:

> A claimant must provide medical evidence of his impairments "during the time you say that he is disabled." 20 C.F.R. § 404.1512(c). The crucial date in a social security case is the "date that claimant's insured status expired." *Barnett v. Sec'y of Health & Human Servs.*, No. 86-3111, 1987 WL 36614, at *3 (6th Cir. 1987). Medical evidence dated after a claimant's expiration of insured status is only relevant to a disability determination where the evidence "relates back" to the claimant's limitations prior to the date last insured. *Id.* The related back evidence is relevant only if it is reflective of a claimant's limitations prior to the date last insured, rather than merely his impairments or condition prior to this date. *See* 20 C.F.R. § 416.945(a)(1) ("Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is the most you can still do despite your limitations.").

*Id.*

Plaintiff contends that the ALJ failed to discuss whether Dr. Miller's Opinion "relates back" to Plaintiff's limitations prior to the DLI. ECF No. 17 at PageID #: 1049. It is pretty clear, however, that the ALJ did just that. Plaintiff fails to acknowledge that, as cited above, the ALJ discussed Plaintiff's treatment history with Dr. Miller and interpreted Dr. Miller's Opinion to mean Dr. Miller believed "the claimant could not perform a range of sedentary work." ECF No. 11 at PageID #: 90. The ALJ went on to explain that "given the degenerative nature of [Plaintiff's] disc disease, it is presumed that [Dr. Miller] believed [Plaintiff] had at least this level of functioning, if not less, *prior to* her fusion surgery." *Id* (emphasis added). A fair reading of this confirms that the ALJ interpreted Dr. Miller's statement as medical evidence that "relates

8

(5:16CV1285)

back" to Plaintiff's limitations prior to the DLI and, certainly, prior to her surgery. The ALJ did not end her consideration of Dr. Miller's opinion there, however. Dr. Miller's Opinion states, in pertinent part:

> She has disability with regards to overall mobilization. . . .
>
> I wholeheartedly agree that she is a candidate for disability application as I do not believe that with her condition, that she would be in the workforce category that would require anything other than sedentary activities, and even then, she would have a hard time finding a sitting job as she is not able to perform a lot of sitting on a prolonged basis.

*Id.* at PageID #: 699.

The ALJ found that, because Dr. Miller's Opinion "opined that [Plaintiff] was a 'candidate for disability,'" the opinion "is tantamount to a disability opinion, a matter reserved to the Commissioner for determination." *Id.* at PageID #: 90. The Court agrees with the magistrate judges finding that Dr. Miller did, in fact, opine that Plaintiff was disabled or, at best, should apply for disability benefits because Plaintiff "had the [Residual Functional Capacity ("RFC")] to perform less than sedentary work." ECF No. 16 at PageID #: 1053-54. The opinions that a claimant is disabled or an opinion as to a claimant's RFC are issues ultimately reserved to the Commissioner. 20 C.F.R. § 404.1527(d). Moreover,

> [A] treating physician's opinion is only entitled to [controlling weight and deference] when it is a medical opinion. If the treating physician instead submits an opinion on an issue reserved to the Commissioner—such as whether the claimant is disabled, unable to work, the claimant's RFC, or the application of vocational factors—[teh ALJ's] decision need only explain the consideration given to the treating source's opinion. The opinion, however, is not entitled to any particular weight.

9

*Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 505-06 (6th Cir. 2013) (quotations and citations omitted).

Accordingly, the Court agrees with the magistrate judge's finding that pursuant to 20 C.F.R. § 404.1527(c), the ALJ provided good reason for the weight that she assigned to Dr. Miller's Opinion. The Court also finds that the reason was supported by the evidence in the case record and was sufficiently specific to make clear to the Court the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. The ALJ considered the nature and extent of Plaintiff's treatment relationship with Dr. Miller, including but not limited to the fact that Dr. Miller's Opinion was given one year after the Plaintiff's DLI (*see* ECF No. 11 at PageID #: 89-90). *See Bowen*, 478 F.3d at 747. As discussed, *infra*, the ALJ also found that the Dr. Miller's Opinion likely "relates back" to Plaintiff's pre-DLI impairments. In addition, the ALJ considered whether Dr. Miller's Opinion was a medical source opinion on issues reserved to the Commissioner (*see* ECF No. 11 at PageID #: 90) and found that it was. *See* 20 C.F.R. § 404.1527(d).

The Court finds that the ALJ did not fail to follow the procedural requirement "of identifying the reasons for discounting the opinion and for explaining precisely how those reasons affected the weight accorded the opinions." *See Rogers*, 486 F.3d at 243. *See also Johnson*, F. App'x at 505-06 (affirming ALJ's assignment of non-controlling weight to a treating physician whose opinions were rendered after the DLI and who rendered opinions on an issue

10

(5:16CV1285)

reserved to the Commissioner). Furthermore, the Court agrees with the magistrate judge's finding that the ALJ's decision is supported by substantial evidence.

Accordingly, Plaintiff's objections on these grounds are overruled.

**2. Plaintiff's Second Argument**

Plaintiff's second argument was not raised in her brief on the merits. In this argument, Plaintiff contends that, in violation of the treating physician rule, the ALJ applied greater scrutiny. Plaintiff deduces this because, in contrast to "some weight" assigned to Dr. Miller's Opinion, the ALJ assigned more weight to the opinions of state agency physicians that were also provided after the DLI. [ECF No. 17 at PageID #: 1060](). Plaintiff avers that Dr. Miller had longitudinal knowledge because he "treated []Plaintiff during, before, and after the DLI" and personally examined Plaintiff, unlike the state agency physicians. [*Id.* at PageID #: 1061-62]().

Plaintiff's second argument is not properly before the Court because it was not presented to the magistrate judge. However, assuming *arguendo* that Plaintiff's second argument is properly before the Court, the Court finds the comparison drawn unavailing. Having discussed, *infra*, the ALJ's bases for assigning "other weight" to Dr. Miller's Opinion, it is clear that the timing of Dr. Miller's Opinion was not the only factor taken into consideration by the ALJ. Therefore, this point alone does not help Plaintiff's objection survive the day.

Accordingly, Plaintiff's second argument in objection to the magistrate judge's recommendation is overruled.

**B. Dr. Donich's Opinion**

The magistrate judge recommends that "the Court find that the ALJ did not err by not discussing Dr. Donich's August 4, 2014, statements/opinions [("Dr. Donich's Opinions")] in her decision" on grounds that Dr. Donich's Opinions: (1) "did not set or quantify limitations caused by [Plaintiff's] condition[;]" and, (2) "did not relate back to [Plaintiff's] date last insured." ECF No. 16 at PageID #: 1056. In cursory fashion, Plaintiff objects to the magistrate judge's recommendation. Plaintiff contends that the ALJ's omission of Dr. Donich's Opinion from her decision was in error because, even though Dr. Donich's Opinion was rendered two (2) years after Plaintiff's DLI, his questionnaire responses relate back to Plaintiff's "pre-surgery disabling condition as well as the end result of [Plaintiff's] surgery after the DLI." ECF No. 17 at PageID #: 1062. Plaintiff's arguments are without merit.

The Court has already discussed at length that which is required for a medical opinion rendered post-DLI to be relevant to a disability determination. Here, the record reflects that, at the hearing before the ALJ, the ALJ inquired as to whether Dr. Donich's Opinion relates back to Plaintiff's impairment before Plaintiff's DLI. *See* ECF No. 11 at PageID #: 102-03. To address this outstanding issue, the ALJ suggested that counsel for Plaintiff consider having Dr. Donich testify or submit interrogatories to confirm whether his opinion relates back to Plaintiff's impairment pre-DLI. *Id*. at PageId #: 103. After the hearing, Counsel for Plaintiff sent two (2) written questions to Dr. Donich to which Dr. Donich responded as follows:

> 1. Your notes of 6/30/14 indicate a non-union at the surgical site where surgery was performed in May 2012. Would you please provide your opinion with regard to when the non-union began, *i.e.*,

(5:16CV1285)

> does it relate all the way back to the surgery or has it occurred at some point between the surgery and the present time?
>
> *Surgery normally heals over one year but fusion did not mature as expected*
>
> 2. Your same notes indicate the necessity of surgery. Is the surgery to correct or revise what was done in the May 2012 surgery?
>
> *Yes*

*Id.* at PageID #: 991 (Dr. Donich's responses in italics). The questions and response were submitted to the ALJ on August 5, 2014 (*see id.* at PageID #: 989) and are included in the administrative record. *Id.*

Plaintiff concedes that she began seeing Dr. Donich just before the hearing before the ALJ, *i.e.*, post-DLI. ECF No. 12 at PageID #: 1001 (citing ECF No. 11 at PageID #: 981-88). Therefore, to be relevant to Plaintiff's disability determination, Dr. Donich's Opinion must "relate back" to Plaintiff's limitations prior to the DLI. Plaintiff concedes that "Dr. Donich's response does not set or quantify limitations." *Id.* Moreover, Plaintiff's surgery occurred on May 23, 2012—after Plaintiff's DLI, March 31, 2012. When asked if his opinion relates back to Plaintiff's pre-DLI limitations, Dr. Donich's provided a general assertion of typical healing time and indicated that Plaintiff's fusion did not occur as expected. Dr. Donich also confirmed that his opinion relates to a surgery conducted post-DLI. The Court finds that Plaintiff has failed to demonstrate that Dr. Donich's Opinion "relates back" to Plaintiff's pre-DLI limitations. Therefore, the Court agrees with the magistrate judge's finding that Dr. Donich's Opinion is not relevant to Plaintiff's disability determination because the opinion does not "relate back" to the

(5:16CV1285)

Plaintiff's limitations prior to the date last insured.  See *Walton*, 773 F. Supp. 2d  at 750. Accordingly, the ALJ did not err by not including Dr. Donich's Opinion in her decision, the ALJ's decision to exclude Dr. Donich's Opinion is supported by substantial evidence, and Plaintiff's second objection is overruled.

### III.

For the reasons discussed above, Plaintiff's Objection (ECF No. 17) is overruled.  The Report and Recommendation (ECF No. 16) is adopted.  The decision of the Commissioner is affirmed.


IT IS SO ORDERED.


| | |
|---|---|
| September 21, 2017 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |